UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
RAJIV SHAH GOSAIN,

                      Plaintiff,          Civil Action No. 09-4172

-against-


STATE BANK OF INDIA, NEW YORK BRANCH
AS SUCCESSOR TO STATE BANK OF INDIA
FLUSHING BRANCH, STATE BANK OF INDIA
(MUMBAI) AND TEXPLAS INDIA PRIVATE LIMITED.
-------------------------------------------------------------------------X


DECLARATIVE NOTE IN SUPPORT OF DISMISSAL WITH REQUEST
FOR SANCTIONS AND FEES

KARAMVIR S. DAHIYA OF Dahiya Law Offices LLC respectfully submit the following in support of dismissal of this case. The court is also requested to take into consideration, the earlier note of the undersigned filed for dismissal.

**Plaintiff has failed to Prove Personal Jurisdiction**

      A court without personal jurisdiction may not hear a dispute as it has no power over the defendant. Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574 (1999). A judgment rendered in violation of this basic premise is invalid, as it is without any benefit of due process. See Burhham v. Superior Court of Cal. 495 U. S. 604, 609-10 (1990). This court has no personal jurisdiction on Texplas and thus this case must be dismissed forthwith.

      This court might could only have personal jurisdiction over a foreign defendant to the same extent that a New York Court in this forum has personal jurisdiction. See Omni Capital International Ltd. v. Rudolphs Wolff & Co. 484 U.S. 97, 104-05 (1987)

1

The plaintiff has shown nothing nor does the complaint or any attached paperwork proves an nexus or connection with United States. It is the plaintiff's burden to prove personal jurisdiction. *See, e.g.*, *Negron-Torres v. Verizon Communs., Inc.*, 478 F.3d 19, 23 (1st Cir. 2007) (plaintiff ultimately bears burden of persuading court that personal jurisdiction exists); *Metropolitan Life Ins. Co. v. Robertson-Ceco Corp.*, 84 F.3d 560, 566 (2d Cir. 1996) ("On a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of showing that the court has jurisdiction over the defendant."); *Dever v. Hentzen Coatings, Inc.*, 380 F.3d 1070, 1072 (8th Cir. 2004) (plaintiff must plead facts to support personal jurisdiction and, if personal jurisdiction is controverted or denied, has burden of proving those facts).

The Plaintiff has totally failed in all aspects. There is nothing on the record that which could or would go to show that the plaintiff's has met his burden.

**Personal Jurisdiction Requirement**

It need to be stated that a court to render a binding decision consonant with due process, it must have personal jurisdiction over the parties, that is, the power to require the parties to obey its decrees. *See Burnham v. Superior Court of California*, 495 U.S. 604, 608-609, 110 S. Ct. 2105, 109 L. Ed. 2d 631 (1990) (the judgment of a court lacking jurisdiction is void).

Texplas has no absolutely no business here in New York, United States. There are no business undertakings of anyking which could make the defendant vulnerable to the jurisdiction of United States. In order for a forum court to exercise general jurisdiction over a nonresident, there must be continuous and systematic contacts between the nonresident and the forum state. *See International Shoe Co. v. Washington*, 326 U.S. 310, 66 S. Ct. 154, 90 L. Ed. 95 (1945) (a court may exercise personal jurisdiction over a defendant consistent with due process only if he or she

2

has certain minimum contacts with the relevant forum such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice).

Texplas, the defendant has not purposefully directed any activities to the plaintiff, it has bought a property in an auction duly authorized and conducted under the auspice of Highest Court of the State of Uttranchal. *See* <u>Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414 n.8, 104 S. Ct. 1868, 80 L. Ed. 2d 404 (1984)</u>; <u>World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297, 100 S. Ct. 559, 62 L. Ed. 2d 490 (1980)</u>.

The plaintiff says that he suffered a tax loss here in the United States and that it provides jurisdiction. It makes no sense. That is not enough to find minimum contacts. However a court cannot exercise jurisdiction over a defendant if doing so would offend traditional notions of fair play and substantial justice. Federal court must decline to exercise jurisdiction over the non-resident defendant if prosecution of the action in the forum state would be "unreasonable and unfair." See Ashai, 480 U.S. at 121-112.

The determination of fairness and reasonableness of the exercise of jurisdiction in each case will depend on an evaluation of several factors, including: (1) the defendant's burden; (2) the forum state's interest; (3) the plaintiff's interest in efficient resolution of controversies ; and (5) the States' shared interest in fundamental social policies. See, 480 U.S. at 112; World-Wide Volkswagen, 444 U.S. at 292

In this case at the bar, the plaintiff has availed all judicial means in the foreign Country and now since he has lost there, he comes to the home state bringing same allegations. That is unfair and creation of such judicial hierarchies is unwarranted. All litigation has taken place in India and the plaintiff had submitted to the litigation there and not only has he submitted, he has initiated some of them including filing appeals that which are pending. Now he is asking this court to grant

3

him another opportunity to litigate. This creates a very heavy burden on Texplas to come here and litigate the matter. Supreme Court and lower courts have explicitly stated, "[t]he unique burdens placed upon one who must defend oneself in a foreign legal system should have significant weight in assessing the reasonableness of stretching the long arm of personal jurisdiction over national borders. Asahi, 480 U.S. at 114 (plurality opinion); accord Ellicot Mach. Corp. V. John Holland Party, Ltd. 995 F.2d 474, 474-75 (4th Cir. 1993).

**No Subject Matter under Foreign Sovereign Immunities Act (FSIA) and General Subject Matter Jurisdiction.**

Subject matter jurisdiction is the authority of the court to adjudicate the type of controversy in the action. See *Carlisle v. United States*, 517 U.S. 416, 434-435, 116 S. Ct. 1460, 134 L. Ed. 2d 613 (1996) (defining subject matter jurisdiction as the "authority [of the court] to adjudicate the type of controversy involved in the action").

The principles of foreign policy and international comity behind the sovereign immunity doctrine require that where sovereign immunity is asserted, and the claims of the sovereign are not frivolous, dismissal of the action must be ordered where there is a potential for injury to the interests of the absent sovereign. The Foreign Sovereign Immunities Act (FSIA) of 1976 completely shields the auctioneer appointed by the Uttranchal High Court for the sale of the plaintiff's illegally owned company. Texplas bought the assets from a auction. The plaintiff tries to attack the sale by incorporating the Texplas as a party defendant. Plaintiff's manufactured grievance is the Indian Judiciary and its appointee. He is launching an attack on an independent judiciary of Republic of India. The Sovereign Immunities Act defines foreign states for purposes of its applicability to encompass political subdivisions, agencies, and instrumentalities that may include "organs" of the foreign state.

There is no subject matter jurisdiction here vis-à-vis the acts of the Indian Judicial organs. The FSIA presumes immunity. *West v. Multibanco Comermex*, 807 F.2d 820, 824 (9th Cir.), *cert. denied*, 482 U.S. 906, 107 S.Ct. 2483, 96 L.Ed.2d 375 (1987). Jurisdiction is limited to cases in which the foreign state is not entitled to immunity either under one of the enumerated exceptions contained in 28 U.S.C. § 1605-1607, or under any applicable international agreement. *West*, 807 F.2d at 824; *McKeel*, 722 F.2d at 587. If the claim does not fall within one of the exceptions, the court cannot entertain the action and must dismiss the action against the foreign state for lack of jurisdiction. *Maritime Int'l Nominees*, 693 F.2d at 1099.

Also, if the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action. Fed. R. Civ. P. 12(h)(3); *see also Things Remembered v. Petrarca*, 516 U.S. 124, 132 n.1, 116 S. Ct. 494, 133 L. Ed. 2d 461 (1995) ("[o]f course, every federal court, whether trial or appellate, is obliged to notice want of subject matter jurisdiction on its own motion").

**Lack of Jurisdiction Based on Lack of Diversity of Citizenship**

All throughout, in the pleadings in India and other documents executed for acquiring shares etc. the plaintiff has been holding himself as a NRI i.e. Non Resident Indian (though in reality he was a United States Citizen). By his own posturing he fails, for there is a lack of Jurisdiction based on diversity of Citizenship . All parites are Indians by Plaintiff own assertions in India. A party may challenge diversity jurisdiction on the ground that the action is not between: (1) citizens of different States; (2) citizens of a State and citizens or subjects of a foreign state; (3) citizens of different States, and in which citizens or subjects of a foreign state are additional parties; and (4) a foreign state as plaintiff and citizens of a State or of different states. *See* 28 U.S.C. § 1332(a)(1)-(4).

A review of the annexures filed in the court would elucidate that this court has no subject matter jurisdiction or personal jurisdiction or any basis to proceed with this case. This plaintiff must be sanctioned and legal fees be awarded for there

could not have been any basis to proceed here with the case. The plaintiff has put the defendants to great inconvenience and virtual.

**Dismissing Case for Failure to State Claim for Relief Pursuant to Rule 12(b)(6)**

Dismissal under Fed. R. Civ. P. 12(b)(6) is proper if the complaint lacks an allegation regarding an element necessary to obtain relief. *See, e.g., Campbell v. City of San Antonio,* 43 F.3d 973, 975 (5th Cir. 1995); *Pyles v. United Air Lines,* 79 F.3d 1046, 1049 (11th Cir. 1996) (plaintiff's claim that showed that he was not party to subject agreement lacked necessary element). A dismissal pursuant to a Rule 12(b)(6) motion is appropriate when a successful affirmative defense or other bar to relief, such as the absolute immunity of a defendant, claim preclusion, or the statute of limitations, appears on the face of the complaint. *See, e.g., LaChapelle v. Berkshire Life Ins. Co.,* 142 F.3d 507, 509 (1st Cir. 1998) *Day v. Moscow,* 955 F.2d 807, 811 (2d Cir. 1992) (defense of res judicata may be upheld on Fed. R. Civ. P. 12(b)(6) motion without requiring answer).

The plaintiff conducted business in India through a Indian corporation, TechInvest India Private Limited. He brings the present law suit mischievously in his own name to create diversity of parties. In reality the business was in the name of the corporation and he was an active shareholder of that corporation. All the allegation here are matter of judicial proceedings in India and lot of them have been decided against the plaintiff corporation and hence are barred by any number of legal doctrines from issue preclusion to res judicata etc. The plaintiff has availed and continues to avail the India Legal System on a parallel basis, he must be estopped to continue this harassing litigation and hence this case be dismissed under Rule 12 (b)(6) with prejudice.

**Dismissal warranted pursuant to Rule 12 (b)(4) for Insufficient Process.**

Fed. R. Civ. P. 12(b)(4) allows for motions to dismiss for insufficient process. Texplas received a in loose sheet torn pages of the complaint, with lot of pages missing. It was only when I filed the Notice of Appearance did I receive the proper copies of summons and complaint that which has been filed with the court. However, since there was no proper delivery of the summons and complaint, this action ought to be dismissed.

**Dismissal for Insufficient Service of Process Pursuant to Rule 12(b)(5)**

Fed. R. Civ. P. 12(b)(5) provides for motions to dismiss for insufficient service of process. Fed. R. Civ. P. 12(b)(5). Texplas is a foreign corporation, operating from India. Rule 4(f)(1) provides that the service abroad be made "by any internationally agreed means reasonably calculated to give notice, such as those mans authorized body the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents. Particularly, this Rule applies to 'internationally agreed means" of service. India is a signatory to Hague Convetion, however please note that Hague Service Convention does not provide an independent basis for personal jurisdiction in federal court. No proof of service has been filed to show that the service has been affected in compliance with the convention. Service in this case has not even been affected by the standard service mechanism as used in the Code of Civil Procedure of 1908 as modified in the State of Uttranchal.

Texplas received some paperwork related with the present suit in a mail with lot of pages torn and missing.

**Dismissal Warranted owing to Mootness**

The mootness doctrine provides not only that there must be an actual and justiciable controversy at the inception of the action, but also that a federal court must dismiss the action for want of jurisdiction if the controversy ceases to exist. See *Aetna Life Ins. Co. v. Haworth,* 300 U.S. 227, 240-241, 57 S. Ct. 461, 81 L. Ed. 617

7

(1937) (action will be dismissed if there is not a definite and concrete controversy between the parties). The plaintiff has agitated his claims and fought at different stages with the Indian Courts. He has moved his controversy from one court to the other. This case is moot now, for case is also considered moot in situations where the district court can no longer grant effective relief. *See, e.g., Burlington N. R. Co. v. Crow Tribal Council, 940 F.2d 1239, 1244 (9th Cir. 1991)* (case becomes moot when court can no longer grant effective relief); *Northwest Environmental Defense Center v. Gordon, 849 F.2d 1241, 1244 (9th Cir. 1988)* (question of mootness hinges on present controversy and whether effective relief can be granted). This court has no jurisdiction and cannot grant any effective relief, hence this litigation must be dismissed. Further the plaintiff has a filed an appeal and is pending with the Indian Courts regarding his contention, hence this issue is moot vis-à-vis this court.

**Sanctions and Cost Sought.**

It is clear here that the Plaintiff and his attorney deliberately filed this action in the District Court, with the sole purpose of harassing the parties and to cast Indian Judicial System in bad light. No attorney would have filed this law suit. There isnothing in the record or the prevailing law which can sustain this law suit. It is Filing presented for improper purpose. Fed. R. Civ. P. 11 requires counsel to make a reasonable investigation, under the circumstances, of the facts and the law before submitting pleadings. *See* Fed. R. Civ. P. 11(b). An attorney may be sanctioned for failing to conduct a reasonable factual investigation and to confirm whether the theoretical underpinnings of the complaint are warranted by existing law or a good-faith argument to extend, modify, or reverse existing law. *See Christian v. Mattel, Inc., 286 F.3d 1118, 1127 (9th Cir. 2002)* (before filing a complaint, an attorney must not only conduct a reasonable factual investigation, but must also perform adequate legal research to confirm whether the theoretical underpinnings of the complaint are warranted by existing law or a good-faith argument to extend, modify or reverse existing law);

Ms. Sakalis, is an admitted attorney and he is under an obligation to file only complaints with bonafide issues well grounded in law. It is clear that this case was filed without any sincere research. Even a layperson would have found out that the case could not have been filed in this court. An attorney may be sanctioned if a filing is either legally frivolous, that is, clearly has no chance of success, or is factually unsupported. *See* Fed. R. Civ. P. 11(b)(2), (3); *see also* Kaplan v. DaimlerChrysler, A.G., 331 F.3d 1251, 1255 (11th Cir. 2003) (court may assess Rule 11 sanctions when party files pleading that has no reasonable factual basis or is based on legal theory that has no reasonable chance of success); Pierce v. F.R. Tripler & Co., 955 F.2d 820, 830 (2d Cir. 1992) (frivolous legal position for purposes of Fed. R. Civ. P. 11 must not be merely unsuccessful, but clearly have no chance of success).

An attorney may be sanctioned for filing pleadings for an improper purpose, such as to harass or to cause unnecessary delay. *See* Fed. R. Civ. P. 11(b)(1); Raspanti v. Keaty (In re Keaty), 397 F.3d 264, 273 (5th Cir. 2005) (Rule 11 sanctions may be imposed on attorney who signs pleading with any improper purpose, such as to harass or to cause unnecessary delay or needless increase in litigation costs). Here the sole reason for filing the law suit was to harass and intimidate the parties.

Wherefore it is requested that this case be dismissed with cost and sanctions against the plaintiff and the attorney be imposed.
"I certify under penalty of perjury that the foregoing is true and correct. Executed on August 31, 2009 at New York, NY."

Dated: August 31, 2009
New York New York                    sincerely,    *s/kdahiya*

_____
Karamvir Dahiya for Texplas

**Dahiya Law Offices LLC**
**325 Broadway Suite 304**
**New York New York 10007**
**Tel: 212 766 8000**
**Fax: 212 766 8001**

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7-22-09

Hon. Victor Marrero                                July 20, 2009
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

        Re: Rajiv Shah Gosain v. State Bank of India (NYC and India
        Branches and Texplas India Private Ltd.)
        Case No. 09-Civ 4172 (VM)

Your Honor:

    I represent defendant Texplas India Private Limited ("Texplas India") in the aforesaid action. I am requesting your Honor to kindly treat this letter as motion, however if the Court feels that it needs to be briefed in more detail, I will do so promptly. Without going to the merits of the case or the method of service of process as employed by Plaintiff, I respectfully draw the attention of this Court to the jurisdiction issues created here. For several reasons, including, forum- non-conveniens this case must be dismissed.

## Complaint Allegations:

    The plaintiff has made several allegations of fraud, malice, maneuvering etc. against the defendants and other parties (See Complaint). The plaintiff complains that he suffered heavy losses owing to an illegal and manipulated auction/liquidation in India of his company 'Tech Invest India Private Limited,' ("Tech India") and its assets including real estate. Further that defendant 'Texplas India' bought it in auction with connivance of State Bank of India ("SBI"). The instant case at the bar now, is about Tech India loosing itself in India and cleverly retrying its case through a majority shareholder Gosain

## Facts:

    Tech India owned certain properties including a factory situated at Bhel Industrial Estate Bhel Barrier, Sector No. 2, Ranipur District Haridwar State of Utranchal Pardesh (India). The factory ownership included rights in the land (measuring 4525 sq. mtrs.), building, store, laboratory, administrative block, plant machinery, furniture and fixtures.

    What the Complaint does not recount (though the Exhibits clearly reflects) is that the public auction/liquidation of the assets of Tech India was initiated by Assam Power Electrical Limited Guwahati ("Assam India"), an Indian company based in Guwahati in the State of Assam, Republic of India. Assam India, was one of the creditors of 'Tech India.' 'Assam India' approached the High Court of Uttranchal Pardesh, a State, in the

1

Republic of India, under section 433 of the Indian Companies Act, 1956 for 'winding up'/liquidating [involuntary bankruptcy] on account of the inability of Tech India to pay its debts, as envisaged by Section 433 and 434 of the Indian Companies Act.

On August 11, 2003, the Chief Justice of High Court of Uttranchal Pardesh Nainital (Highest State Court of the State of Uttranchal) ordered liquidation, which is legally equivalent to Chapter 7 of Title 11 and sale of assets of Tech India. An independent auctioneer, Jay & Sons was appointed by the High Court to conduct the auction. TexPlas India was the highest and most able bidder. This judicial liquidator, Jay & Sons filed an application with the High Court for approval of the bid. Tech India filed objection in the High Court of State of Uttranchal under docket no. Civil Misc. No. 10343/2003 and the court appointed liquidator also filed responsive pleadings. The High Court after hearing the objection to sale on merit dismissed the objection and allotted the property to Taxplas India based on bidding. Aggrieved with the Order of the High Court of Uttranchal Pardesh regarding the sale of the property to Taxplas India, Tech India filed an appeal (Appeal No. 1 of 2009 under Companies Act [attached as Exhibit 26 of Complaint]) which is pending now before the Indian Court.

I respectfully request your Honor to note that all claims or counterclaims etc. took place in India. It was not State Bank of India that moved for liquidation of the plaintiff's company, it was Assam India. The property is in India, the entire legal proceedings impacting the Plaintiff vis-à-vis his company assets took place in India. The plaintiff submitted to the jurisdiction of Indian courts. The plaintiff availed the Indian legal process, had opportunities to agitate his claims. Further he has filed an appeal which is pending before the Highest Court of the State of Uttranchal, India. This case here in United States must not proceed and is filed in bad faith.

Forum non conveniens, as applied in the United States, is a flexible doctrine with multiple factors, the ultimate resolution of which will depend on the particular facts of each case. See Piper Aircraft Co. v. Reyno, 454 U.S. 235, 249 (1981).

In re Union Carbide Corp. Gas Plant Disaster, 809 F.2d 195 (2d Cir. 1987), The Union Carbide case arose from the Bhopal disaster in India, was filed in a United States federal court in New York, was subsequently dismissed on forum non conveniens grounds, and the dismissal was affirmed. There is no doubt that the presumption is in favor of the Plaintiff's Choice of Forum. See Piper, 454 at 255. Where the plaintiff is foreign, however, its choice is entitled to less deference. See ibid. ; see also Tech. Ltd. v. Aztech Sys. PTE. Ltd., 61 F.3d 696, 703 (9th Cir. 1995); Great Prize SA. v. Mariner Shipping Ltd., 967 F.2d 157, 160 (5th Cir. 1992). The reduced deference is not intended to be a discrimination against foreign plaintiffs, but rather is a recognition that the United States probably is not the most convenient forum for such a plaintiff, but was more likely chosen for tactical reasons, such as to inconvenience the defendant or to take advantage of favorable United States law. See Piper, 454 U.S. at 255-56.

In the United States, the forum non conveniens analysis consists of two prongs: the defendant must show (1) the "availability" of an "adequate alternative forum" and (2) that the balance of the relevant private and public interest factors

2

favors dismissal.

**1. Availability and Adequacy of India as an Alternative Forum:** The defendant bears the burden of proving both availability and adequacy of the alternative forum. See Mercier v. Sheraton Intern., Inc., 981 F.2d 1345, 1349 (1st Cir. 1992).

**(a) "Availability:"** An alternative forum is "available" when the defendant is "amenable to process" in that jurisdiction, and where there are no other bars to suit, such as statutes of limitation. See Piper, 454 U.S. at 254 n.22; Mercier, 981 F.2d at 1350.
Here, the plaintiff has already availed and is still keeping the matters sub judice with the courts of India. The plaintiff has already and voluntarily submitted to the Indian Court. Further, the Tech India that went in liquidation was an Indian company though the shares might have been controlled ex-Indians at the time of liquidation.

**(b) "Adequacy:"** It is "rare" for an alternate forum to be inadequate. See Piper, 454 U.S. at 254 n.22. Most United States courts will find a foreign forum inadequate only if it does not permit litigation of the particular subject matter at all or if there are "significant legal or political obstacles" to suit. See Piper, 454 U.S. at 254 n.22; Mercier, 981 F.2d at 1350 (noting that Castro's Cuba was unavailable as an alternative forum to political refugees). In practice, some courts go so far as to apply a presumption that the alternative forum is adequate. See, e.g., Quintero v. Klaveness Ship Lines, 914 F.2d 717, 729 (5th Cir. 1990). Here Tech India was given and is being given all opportunities to avail judicial remedies. The complaint is absolutely quiet about how plaintiff has prodded the Indian courts to obtain relief and has not deterred in fashion.

**Legal Differences Procedurally or Substantively:** I am an attorney licensed to practice in both, India and United States and my primary area of practice is bankruptcy law which entails liquidation of assets of insolvent or bankrupt entities. I am very familiar with Title 11 of the United States Code and as well as Indian Companies Act dealing with liquidation of assets and rights of the creditors etc. The plaintiff's company Tech India was subjected to a involuntary bankruptcy (like one under 11 USC 303) kind of petition under Section 433 and 434 of the Indian Companies Act. I have not seen any difference in terms of substantive or procedural due process of law. Article 21 of the Indian constitution clearly speaks about the due process rights and says that any law contrary to this fundamental law shall be null and void. Plaintiff and his company were entitled to due process in Indian Courts and they already receive that. Now just because the Indian courts have decided against them, they cannot come to the United States Court (with no links to the incident or party) for a *denovo* trial. The Republic of India has an independent judiciary and is well respected. We have seen, for example, under The Rooker Feldman doctrine, the state court losers can't relitigate the same thing under different pretext in the federal court. It is a similar situation, the plaintiff lost in the State Courts of India and now wants to retry the case in the United States federal court. Indian companies affairs are handled by specialized Indian tribunals to start, and then appeals are available in the High Court of the respective States. It is analogous to the Bankruptcy

3

Courts here, established by Congress, with original and exclusive jurisdiction on Title 11 case with appeals filed with the District Court.

That the procedures in the foreign jurisdiction are less favorable also does not render a foreign jurisdiction inadequate. See Piper, ASA U.S. at 255. For example, in Lockman Found. v. Evangelical Alliance Mission, 930 F.2d 764 (9th Cir. 1991), the court found that Japan was an adequate alternative forum even though it did not offer jury trials and provided for more limited discovery procedures. Id. at 768. Similarly, in the Union Carbide case, the more limited discovery provided by the Indian judicial system did not render that forum inadequate. See 809 F.2d at 205-206

On Balancing the Convenience of the Parties and the Ends of Justice: In the language of the Supreme Court, this prong requires that the defendant show either (1) "oppressiveness and vexation to [the] defendant [...] out of all proportion to [the] plaintiff's convenience, or (2) that "considerations affecting the court's own administrative and legal problems" make the plaintiff's chosen forum "inappropriate." Koster v. Lumbermens Mutual Casualty Co., 330 U.S. 518, 524(1946). Some lower courts interpret this to require a showing of "serious unfairness," while others view the inquiry more as one of simple convenience. Compare Mercier, 981 F.2d 1345, with Great Prize, 967 F.2d 157. However, where the presumption favoring the plaintiff's choice of forum is reduced because he has brought suit away from his home, the burden on the defendant is generally reduced. See, e.g., Great Prize, 967 F.2d at 160.

The grievance in the Complaint is that Plaintiff suffered huge loss, but it was the assets of the Indian corporation that were liquidated. That liquidation occurred pursuant to the orders of the Indian court based on a request by Assam India, a creditor of Tech India. Texplas India bought the assets, in a legal and a valid sale. It is unfair that Texplas must now defend a meritorious purchase of asset sold pursuant to the orders of a competent court of India. At this point, we are not seeking legal cost if the plaintiff withdraws its Complaint, however, we will be compelled to ask the plaintiff to reimburse expenses if we are forced to defend this frivolous law suit.

If Your Honor pleases, a date could be scheduled for a hearing on the issue of forum and jurisdiction without wasting of this Court's time and resources with unnecessary pleadings.

s/Karamvir Dahiya

Karamvir S. Dahiya for Texplas India.

> Request GRANTED. A status conference herein is scheduled for 7-28-09 at 2:00 p.m. to address the matter described above by defendant Texplas India.
> SO ORDERED.
> 7-22-09
> DATE  Victor Marrero, U.S.D.J.

Elias N. Sakalis, Attorney and Counselor at Law, 260 Garth Road, Suite 2H5 Scarsdale, New York 10583 Phone: 914 722 2104 Fax: 914-722 2105

Richard S. Last, Forcht Last Landau & Katz, LLP 228 East 45th Street, 17th Floor NY NY 10017 Fax: 212 935 5554π

4