USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 6/15/11

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
RAJIV SHAH GOSAIN,                  :
                                    :   09 Civ. 4172(VM)
                    Plaintiff,      :
                                    :
    - against -                     :   ORDER
                                    :
STATE BANK OF INDIA et al.,         :
                                    :
                    Defendants.     :
------------------------------------X
```

**VICTOR MARRERO**, United States District Judge.

## I. BACKGROUND

Plaintiff Rajiv Shah Gosain ("Gosain") brought this action alleging that defendants State Bank of India ("SBI") and Texplas India Private Ltd. ("Texplas") (collectively, "Defendants") engaged in fraudulent conduct in connection with the liquidation auction of assets of TechInvest India Private Ltd. ("TechInvest") in which Gosain had a substantial interest. By Decision and Order dated January 26, 2010,[1] the Court granted Defendants' motion to dismiss Gosain's claims on the grounds of lack of subject matter and personal jurisdiction. On this basis the Court declined to conduct the full analysis regarding the applicability of the forum non

---

[1] The relevant facts, familiarity with which is assumed, are set forth in the Court's January 26, 2011 Decision and Order, which is reported at Gosain v. State Bank of India, 689 F. Supp. 2d 571 (S.D.N.Y. 2010), aff'd in part and vacated and remanded in part, Nos. 10-711-cv(L), 10-2783-cv(CON), 2011 WL 181517(2d Cir. Jan. 21, 2011) (Summary Order).

conveniens doctrine, an additional ground for dismissal asserted by Defendants. Nonetheless, the Court noted that even if it could exercise personal jurisdiction over Defendants, "it would likely dismiss the action on forum non conveniens grounds." Gosain, 689 F. Supp. 2d at 584.

On appeal, the United States Court of Appeals for the Second Circuit affirmed the Court's ruling as to SBI, but vacated and remanded in part as to Texplas for further consideration of whether personal jurisdiction over Texplas could be established on the basis of a letter from Texplas stating that it maintained a full-functioning office in New York. The Second Circuit noted that if this Court found that personal jurisdiction over Texplas existed, it may resolve the question of whether to dismiss on the ground of forum non conveniens. See Gosain, 2011 WL 181517, at *3.

As an initial matter, the Court notes that greater complexity is generally involved in jurisdictional analysis than in forum non conveniens considerations, and that the court had already conducted a preliminary review concerning the question of forum non conveniens in connection with its previous consideration of Defendants' underlying motions. Thus, under the circumstances presented here judicial economy warrants the Court's evaluating the applicability of the forum

-2-

non conveniens doctrine before examining personal jurisdiction. See <u>Sinochem Int'l Co., Ltd. v. Malaysia Int'l Ship. Corp.</u>, 549 U.S. 422, 436 (2007); <u>Monegasque De Reassurances S.A.M. v. Nak Naftogaz of Ukraine</u>, 311 F.3d 488, 497 (2d Cir. 2002); <u>Turedi v. Coca-Cola Co.</u>, 460 F. Supp. 2d 507, 512 (S.D.N.Y. 2006).

The Court has now conducted a full forum non conveniens analysis on the basis of the parties' earlier submissions, and has also considered a letter from Texplas dated June 10, 2011 responding to a memo-endorsed Order dated May 31, 2011 directing Texplas to show cause why on remand this action should not be dismissed on forum non conveniens grounds. On the basis of this review, the Court concludes that dismissal of this case is warranted.

## II.  **DISCUSSION**

Courts employ a two-part test to analyze an application of the forum non conveniens doctrine. Initially, the court determines whether there exists an available and adequate alternative forum where the dispute could be adjudicated. See <u>Gulf Oil Corp. v. Gilbert</u>, 330 U.S. 501, 506-07 (1947); <u>Piper Aircraft Co. v. Reyno</u>, 454 U.S. 235, 254 n.22 (1981). This inquiry consists of two parts: availability and adequacy. Ordinarily, the availability requirement is met if the

-3-

defendant is amenable to process in the alternative forum. See Gilbert, 330 U.S. at 507 (noting that the doctrine "presupposes at least two forums in which the defendant is amenable to process"). The adequacy test addresses the sufficiency of the alternative forum as a source of remedies for the wrongs the plaintiff claims.

If the preceding standards are met, the court assesses the appropriateness of litigating the action in the plaintiff's choice of forum, as opposed to the alternative venue, by balancing the private interests of the litigants and the public interest concerns of the court in accordance with the factors articulated by the Supreme Court in Gilbert. See id. at 508-09; Monegasque, 311 F.3d at 500. The inquiry probes whether in the interest of justice and all other relevant concerns the action would best be brought in another venue.

A threshold question in the forum non conveniens analysis is the degree of deference that should be accorded to the plaintiff's choice of forum. See Piper Aircraft, 454 U.S. at 255; DiRienzo v. Philip Servs. Corp., 294 F.3d 21, 28 (2d Cir. 2002); Iragorri v. United Techs., 274 F.3d 65, 70-71 (2d Cir. 2001).

A. DEFERENCE TO PLAINTIFF'S CHOICE OF FORUM

-4-

Generally, there is a strong presumption in favor of the plaintiff's choice of forum. See Piper Aircraft, 454 U.S. at 250; DiRienzo, 294 F.3d at 28; Iragorri, 274 F.3d at 70-71. In consequence, defendants have the burden of overcoming this presumption by establishing that the balancing of the Gilbert private and public interest factors "tilt strongly in favor" of the alternative forum. Wiwa v. Royal Dutch Petroleum Co., 226 F.3d 88, 100 (2d Cir. 2000); see also Piper Aircraft, 454 U.S. at 255-56; Gilbert, 330 U.S. at 508.

Deference to the plaintiff's forum becomes a stronger consideration where the plaintiff is an American citizen, especially in cases in which the underlying claims arose under United States law or seek to enforce or promote significant American policy interests. See Piper Aircraft, 454 U.S. at 256; DiRienzo, 294 F.3d at 31.

However, where the circumstances indicate that the parties and events bear no bona fide connection to the United States, or that in relation to the core operative facts in dispute they have at best marginal links to the plaintiff's choice of forum, that choice of venue is not entitled to special deference. See Piper Aircraft, 454 U.S. at 256; Iragorri, 274 F.3d at 72.

Here, the deference due to plaintiff's choice of forum is

-5-

not a weighty consideration. The operative facts in this action have little connection with this District. All the legally significant acts underlying Gosain's claims took place in India, the essential witnesses are located in India outside the limits of the Court's subpoena power, and adjudication of the dispute would likely involve application of Indian law. Thus, an Indian Court would be far better situated to evaluate Gosain's claims, and with greater access to witnesses and evidence.

B. ADEQUATE ALTERNATIVE FORUM

The Court notes that certain proceedings took place in courts in India pertaining to the liquidation and sale of the TechInvest assets that are at issue here, and that Gosain sought unsuccessfully to intervene in those proceedings. On that basis, and Gosain's allegations of SBI's political influence and long delays in India's court system, Gosain contends that India does not constitute an adequate alternative forum. The Court disagrees. The Second Circuit has previously found that courts in India do provide an adequate alternative forum. See In re Union Carbide Corp. Gas Plant Disaster at Bhopal, 809 F.2d 195, 202-03 (2d Cir. 1987). That Gosain's attempt to intervene in the pertinent Indian court proceedings was denied is neither here nor there. The

denial could have been on proper grounds, and by itself does not indicate that no other substantive remedies or procedural means are available to Gosain under Indian law to prosecute his claims against Texplas.

1. The Private Interest Factors

The private interests of the litigants the Court must consider under the Gilbert analysis are: (a) the ease of access to evidence; (b) the availability of compulsory process; (c) the cost for cooperative witnesses to attend trial; (d) the enforceability of a judgment; and (e) all other practical matters that might shorten any trial or make it less expensive. See id. at 508.

In the instant case, these factors all weigh strongly in favor of dismissing this action and enabling the parties to litigate their dispute in India. As this action relates to Texplas, Gosain alleges that SBI and Texplas conspired to rig the public auction at which the TechInvest assets were sold, and that Texplas paid a bribe to an SBI employee as part of Defendants' wrongful conduct. As a result, Gosain asserts Texplas acquired the TechInvest assets at an improperly undervalued price, and that Defendants' fraud and corruption therefore tainted the auction sale that was later approved by the Indian High Court. It is clear from these allegations

-7-

that the transactions and related events Gosain claims resulted in the loss of his interest in the TechInvest assets all occurred in India. All witnesses and documentation pertaining to these matters are located in India. Moreover, in essence what Gosain seeks from this Court would amount to undertaking a substantive and procedural review of the adequacy of the proceedings of the courts in India, and to pass judgment on the decisions of those courts, which he asks this Court to disregard. The Court is not persuaded that such action would be warranted. It therefore concludes that the Gilbert private interest factors support dismissal.

  2.  The Public Interest Factors

The Gilbert public interest factors the Court must weigh include: (a) administrative difficulties relating to court congestion; (b) imposing jury duty on citizens of the forum; (c) having local disputes settled locally; and (d) avoiding problems associated with the application of foreign law. See Gilbert, 330 U.S. at 508-09. These considerations also weigh heavily in favor of dismissal of this action.

Gosain contends that congestion and inordinate delays litigants experience in courts in India are greater than those in this District. Even if the Court credited that assertion, this factor would not outweigh the reality Gosain ignores:

-8-

what he brings to this Court is essentially a local dispute in India that should be settled locally in India under the laws of India. Neither this Court nor citizens of this District should be burdened with having to resolve a foreign dispute primarily involving foreign actors and involving foreign laws. Insofar as Gosain makes serious allegations of fraud and corruption involving Defendants that occurred in India and that tainted judicial proceedings in India, the matters he describes implicate individuals, entities and events that India's authorities would have the greatest interest in addressing. Gosain's basic claims did not arise under United States laws, nor do they enforce or promote significant United States policy interests superior to those of India. Accordingly, the Court finds that the <u>Gilbert</u> public interest factors also strongly favor dismissal of this action.

Having found that an adequate alternative forum exists, and that the balance of the <u>Gilbert</u> public and private interests weigh heavily in favor of application of the doctrine of forum non conveniens, the Court dismisses Gosain's claims against Texplas. The dismissal, however, is subject to Texplas expressing to the Court its consent to certain conditions: that in the event Gosain commences litigation in India arising out of the circumstances and general claims

asserted in this case, Texplas agrees to accept service of process and to the exercise of personal jurisdiction by the relevant tribunal in India; that Texplas would not assert any defenses based on statutes of limitations that would not be available to it were this litigation prosecuted in this Court; and that Texplas would satisfy any final judgment rendered against Texplas by courts of competent jurisdiction in India in connection with such litigation. See Aguinda v. Texaco, Inc., 303 F.3d 470, 480 (2d Cir. 2002)(affirming forum non conveniens dismissal subject to modification that the judgment be conditioned on defendant's agreement to waive statutes of limitations defenses); Blanco v. Banco Indus. de Venezuela, S.A., 997 F.2d 974, 984 (2d Cir. 1993) ("[F]orum non conveniens dismissals are often appropriately conditioned to protect the party opposing dismissal.")

### III.  ORDER

For the reasons described above, it is hereby

**ORDERED** that the motion of defendant Texplas India Private Ltd. ("Texplas") to dismiss the complaint of plaintiff Rajiv Shah Gosain ("Gosain") on grounds of forum non conveniens is GRANTED, provided that within twenty (20) days of the date of this Order, Texplas submit to the Court a statement expressing its consent that in the event Gosain

commences litigation in India arising out of the circumstances and general claims asserted in this case, Texplas would accept service of process and the relevant tribunal's exercise of personal jurisdiction over it, not assert any defenses based on statutes of limitations that would not be available to Texplas were the litigation of this action to proceed in this Court, and satisfy any final judgment rendered against Texplas by courts of competent jurisdiction in India in connection with such claims arising out of the events described in the complaint in this action.

    The Clerk of Court is directed to close this case.

**SO ORDERED.**

Dated:    New York, New York
            15 June 2011

                                        VICTOR MARRERO
                                            U.S.D.J.