UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____X

RAJIV SHAH GOSAIN,

                                                Plaintiff,

                      -against-

TEXPLAS INDIA PRIVATE LTD.,

                                          Defendants.
_____X

CASE NO: 09 CIV. 4172 (VM)

**AMENDED VERIFIED COMPLAINT**

DATE FILED: 11-4-2016

Plaintiff Rajiv Shah Gosain, by his attorneys, SAKALIS & ASSOCIATES as and for his Amended Complaint against the Defendant TEXPLAS INDIA PRIVATE LTD., hereby states and alleges as follows:

### THE PARTIES

1. That at all times herein mentioned, Plaintiff Rajiv Shah Gosain, a United States citizen, is and was inter-alia; a resident of the State of New Jersey and the majority shareholder of the corporation known as TechInvest India Private Ltd

2. That at all times hereinafter mentioned, the Defendant Texplas India Private Ltd., represented through its directors Mr. J.C. Jain and Mr. U.C. Jain is a foreign company located in India and was the successful bidder at the auction of TechInvest India Private Ltd., on September 23, 2003, that resulted in severe financial damages to the Plaintiff as majority shareholder of said corporation, as will be further discussed below.

3. That at all times hereinafter mentioned, Techinvest India Private Ltd. is a foreign corporation located in India and Plaintiff became majority shareholder of Techinvest in

1

1999 which shareholding was duly incorporated into Plaintiff's United States tax filings, as will be further discussed below.

## JURISDICTION

4. This Court has Jurisdiction on the basis of diversity of citizenship under 28 U.S.C. Section 1332 in that the Plaintiff Rajiv Shah Gosain is inter-alia; also a resident of the State of New Jersey and the Defendant Texplas India Private Limited ("Texplas") is a foreign corporation domiciled in India but upon information and belief, that transacts business in the United States and in New York, through itself, its group companies and its directors who based on information and belief are Citizens of India.

## VENUE

5. The Southern District of New York is the proper Venue for this action since the Defendant State Bank of India New York Branch, as successor in interest to the erstwhile Flushing Branch and for itself, as well as in its capacity as a foreign Branch of the State Bank of India, is a resident of the State of New York. Moreover, Defendant Texplas, by its own admissions, maintains a business office in the State of New York. The sum demanded in the Complaint is greater than $75,000.00, exclusive of cost and interest. The Plaintiff hereby demands a Jury Trial of all issues raised in this Complaint under Rule 38(b) (1) of the Federal Rules of Civil Procedure.

## AS AND FOR A FIRST CAUSE OF ACTION AGAINST THE DEFENDANT TEXPLAS INDIA PRIVATE LTD.: FRAUD

6. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 5 above with the same force as if set forth below.

7. Plaintiff suffered financial ruin owing to the joint fraudulent conduct of the defendants relating to his 74% common stock interest in a company in India named TechInvest India Private Ltd., (hereinafter "Techinvest"). Techinvest manufactured industrial unclad laminates used in high voltage applications and had a factory in Hardwar, Uttar Pradesh, India.

9. Upon information and belief, Texplas India Private Ltd, through its directors Mr. UC Jain and JC Jain (hereinafter "Texplas"), along with the defendant SBI, stage-managed a fraudulent auction of Techinvest's assets for their unlawful benefit, without even establishing a reserve price.

10. Upon information and belief, Texplas' fraudulent conduct was also demonstrated by the fact that it paid the 10% deposit required in the precise amount before the auction even commenced. Texplas bid about $65,000 (Indian Rupees Two Million Nine Hundred Thousand) for just the land and building belonging to Techinvest and about $90,000 (Indian Rupees Four Million Five Hundred Thousand) for the factory as a whole including land, building and machinery, was the winning bidder in both categories and deposited precisely 10% of the winning bid in each category before the auction even commenced, thus making it crystal clear that Texplas had already rigged the amount of the winning bid in connivance with SBI, who approved this bid as a secured creditor, prior the auction. Texplas knew or should have known that it was bidding on

3

and receiving Techinvest's assets at an unconscionably low price, that it was illegal to stage manage the auction and without the defendant's complicity, the auction would not have taken place and the Plaintiff would not have suffered damages to his valuable shareholder interest in Techinvest.

11.     As a result of the fraudulent conduct of the defendant, the loss in value to Plaintiff's shareholding in Techinvest was reflected in the United States as a capital loss in Plaintiff's income tax returns , whereas the auction proceeds were to have been wire transferred directly into his USA bank account had this fraud not occurred, and thereby the Plaintiff has also been forced to incur substantial legal fees as a result of the Defendants' misconduct, causing him financial distress. Therefore, Plaintiff is entitled to compensatory damages against this Defendant in the amount of Twenty-Five Million ($25,000,000.00) Dollars plus interest from September 23, 2003.

## AS AND FOR A SECOND CAUSE OF ACTION AGAINST THE DEFENDANT TEXPLAS INDIA PRIVATE LTD.: UNJUST ENRICHMENT

12.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 5 and 6 through 11 above with the same force as if set forth below.

13.     After this action was initially commenced, the Defendant Texplas filed a Motion seeking Dismissal of the causes of action against it. On June 5, 2011, this Court issued an Order Conditionally Dismissing the action against Texplas on forum non conveniens grounds (docket no. 48). The Order entered by the Court required Texplas to "submit to the Court a statement expressing its consent that in the event Gosain commences litigation in India arising out of the circumstances and general claims asserted in this case, Texplas would accept service of process and the relevant tribunal's exercise of

personal jurisdiction over it, not assert any defenses based upon the statute of limitations that would not be available to Texplas were the litigation on this action to proceed in this Court, and <u>satisfy</u> any final judgment rendered against Texplas by courts of competent jurisdiction in India in connection with such claims arising out of the events described in the complaint in this action." On January 23, 2012, Texplas consented to the terms of the Order (docket no. 52). This Court so-ordered Texplas' letter of consent on January 25, 2012 (docket no. 53). Plaintiff subsequently filed an Appeal in the Supreme Court of India, his Appeal was granted and a Final Judgment was issued against Texplas on August 11, 2015. A copy of the Order is enclosed herein as Exhibit 1 and the Order set aside the prior auction sale on the same grounds as were alleged in the Complaint, directed recovery of possession of the auction properties at issue and required the scheduling of a new auction.

14.     Plaintiff has taken enforcement action in India to enforce the Judgment. Defendant Texplas has ignored the Order and has adamantly refused to turn over the properties at issue. After the Judgment was entered on August 11, 2015, Texplas filed an Application for Clarification of the Order which was subsequently denied by the Court on September 28, 2015. A copy of the issued Order is enclosed herein as Exhibit 2. On October 23, 2015, the Plaintiff's Attorney in India, Priya Puri forwarded a letter to the Official Liquidator that is enclosed herein as Exhibit 3 which stated in relevant part as follows: "Though more than two months have passed since the order of the Supreme Court and numerous reminders have been sent, you have failed to take possession as directed by the Supreme Court. In fact, it has come to the notice of my Client that the auction purchaser is removing plant and machinery from the factory every day but you

have neither taken any action against the auction purchaser not taken any steps to protect the properties. As such, you are responsible for any loss caused. You are requested to comply with the order of the Hon'ble Supreme Court immediately, and take possession of the properties." In addition, an Affidavit submitted in India by the Official Liquidator that is enclosed herein as Exhibit 4 also confirms that Texplas has failed to comply with the final judgment issued in India and by this failure, Texplas has also violated this Court's June 5, 2011 Order.

15.  Texplas subsequently filed a Petition for Review of the August 11, 2015 Judgment. A copy of the Petition is enclosed herein as Exhibit 5. The Petition stated in relevant part at paragraph 33FF as follows: "That without prejudice to the rights and contentions of the Review Petition hereinabove, the Review Petitioner humbly submits that in the event that this Hon'ble Court is still of the view that the auction should be set aside, the Review Petitioner would be willing to make up whatever shortfall of funds this Hon'ble Court feels was caused by a depressed bid in the original auction, so that it may continue to enjoy the auction property and the Review Petitioner's factory can continue to operate." By its own language, Defendant Texplas admitted the impropriety of the original auction and yet requested the right to retain the property that it admittedly obtained through fraudulent means. The Court denied the Petition and stated in relevant part in its Order as follows: "We have perused the Review Petition and record of the Civil Appeals and are convinced that the Judgment of which Review has been sought does not suffer from any error apparent warranting its reconsideration. Hence, the Review Petitions are dismissed." A copy of this final Order is enclosed herein as Exhibit 6.

16. Upon information and belief, the Defendant Texplas has clearly received an unjust benefit conferred upon it by its fraudulent conduct in improperly securing and retaining properties based upon its aforementioned conduct, the Defendant Texplas clearly realizes the value of the properties as demonstrated by its adamant refusal to comply with the Judgment of the Supreme Court, by failing to take any steps to turn over the improperly held properties and by its failure to take any step to cooperate with the Indian Courts and Indian Officials and the Defendant Texplas has accepted and retained the benefit of the properties under improper circumstances and in violation of the Orders of the Indian Courts and the Order of this Court without rendering any compensation or value to the Plaintiff. As a result of this unjust enrichment, Plaintiff is entitled to an accounting of those assets and properties that have not yet been dissipated, as well as such additional equitable relief as this Court deems proper.

### AS AND FOR A THIRD CAUSE OF ACTION AGAINST THE DEFENDANT TEXPLAS INDIA PRIVATE LTD.: DECLARATORY JUDGMENT

17. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 5, 6 through 11 and 12 through 16 above with the same force as if set forth below.

18. Defendants Texplas' conduct since issuance of the Indian Judgment has been designed to retain the properties that it unjustly and fraudulently obtained and to prejudice the Plaintiff to the extent that it would render the Indian Judgment ineffectual and to dissipate the assets strictly to prevent the properties from being returned to the Plaintiff. As previously demonstrated, the Defendant Texplas has refused to comply with this Court's Conditional Order of Dismissal of June 5, 2011 by failing to satisfy the

Judgment issued on August 11, 2015. Defendant Texplas has engaged in dilatory tactics by filing frivolous legal documents in India to delay enforcement of the Judgment and try to prejudice the Plaintiff's ability to enforce the Judgment and recover his properties and assets that are being wrongfully retained by the Defendant Texplas. By its conduct, Defendant Texplas has ignored this Court's order that it agreed to comply with and has shown its utter disregard for this Court and the Indian tribunals. Plaintiff has expended considerable sums to enforce his rights in India and has fully complied with this Court's Order of Dismissal.

19. As a result of the foregoing, the Plaintiff is entitled to a declaration compelling the Defendant Texplas to immediately surrender and turn over the physical possession of the properties at issue to the Official Liquidator in India as required by the Indian Judgment.

**WHEREFORE**, the Plaintiff Demands Judgment Against the Defendant as Follows:

A. On the Plaintiff's First Cause of Action Damages against the Defendant Texplas India Private, Ltd. in the amount of TWENTY-FIVE MILLION ($25,000,000.00) DOLLARS plus interest from September 23, 2003;

B. On the Plaintiff's Second Cause of Action, an accounting of those properties and assets that are the subject of this action and whatever other equitable relief the court deems just and proper;

C. On the Plaintiff's Third Cause of Action against the Defendant Texplas India Private Ltd., a declaration compelling the Defendant Texplas to immediately surrender and turn over the properties and assets at issue to the Official Liquidator in India as required by the Indian Judgment.

D. An Award of Reasonable Attorney's Fees in This Action; and

E. Whatever other relief the court deems just, proper and equitable.

Dated:      Scarsdale, New York
            August 27, 2016

                                        _____
                                        ELIAS N. SAKALIS, ESQ. (0241)
                                        SAKALIS & ASSOCIATES
                                        430 West 259th Street
                                        Riverdale, New York 10471
                                        Sakalislaw@aol.com
                                        (800) 395-4072

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X

**RAJIV SHAH GOSAIN,**

                            Plaintiff,

      -against-

**TEXPLAS INDIA PRIVATE LTD.,**

                           Defendant.
----------------------------------------X

CASE NO.: 09 Civ. 4172 (VM)

**VERIFICATION**

COUNTY OF MIDDLESEX

**RAJIV SHAH GOSAIN**, being duly sworn, deposes and states as follows:

1.    I am the Plaintiff in the action herein, I have read the foregoing Amended Complaint and know the contents thereof and the same are true to my knowledge, except as to the matters therein stated to be alleged on information and belief; and as to those matters therein stated to be alleged on information and belief; I believe them to be true.

2.    My belief, as to those matters therein not stated upon knowledge, is based upon the following: Materials in my files and Personal Recollection.

                                                 _____
                                                 **RAJIV SHAH GOSAIN**

Sworn to before me this
27th day of August 2016

_____
Notary Public

SUNG CHAN MARTIN LEE
NOTARY PUBLIC
State of New Jersey
My Commission Expires April 16, 2019

1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X

RAJIV SHAH GOSAIN,

                CASE NO: 09 CIV. 4172
                (VM)

          Plaintiff

-against-

TEXPLAS INDIA PRIVATE LTD.,

          Defendants.
------------------------------------------------------X

## NOTICE OF CROSS-MOTION, AFFIDAVIT IN OPPOSITION AND MEMORANDUM OF LAW WITH EXHIBIT

Pursuant to 22 NYCRR 130-1.1-a, the undersigned attorney hereby certifies under the penalties of perjury and as an officer of the court that to the best of my knowledge, information and belief, formed after an inquiry reasonable under the circumstances, the presentation of this document or the contentions thereof are not frivolous.

Dated:     Bronx, New York
              August 27, 2016

                  By: _____
                        ELIAS N. SAKALIS, ESQ. (0241)
                        SAKALIS & ASSOCIATES
                        ATTORNEY FOR DEFENDANTS
                        430 WEST 259TH STREET
                        BRONX, NEW YORK 10471
                        (800) 395-4072