USDC SDNY
DOCUMENT
ELECTRONICALLY FILED

7/18/19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
RAJIV SHAH GOSAIN,

                           Plaintiff,

   - against -

TEXPLAS INDIA PRIVATE LTD.,

                           Defendant.
------------------------------------X

09 Civ. 4172 (VM)

**DECISION AND ORDER**

**VICTOR MARRERO, United States District Judge.**

Plaintiff Rajiv Shah Gosain ("Gosain") brings this action against defendant Texplas India Private Ltd. ("Texplas") alleging that Texplas wrongfully manipulated a public auction of assets of a company for which Gosain is a majority shareholder.

By Order dated July 11, 2017, the Court entered default judgment against Texplas and referred the action to Magistrate Judge Debra C. Freeman for a damages inquest. (See Dkt. Nos. 82, 83.)

On February 4, 2019, Magistrate Judge Freeman issued a Report and Recommendation, a copy of which is attached and incorporated herein, recommending (1) vacatur of the default judgment previously issued against Texplas; (2) dismissal of Gosain's amended complaint; and (3) the closure of this case. (See "Report," Dkt. No. 95.) In sum, Magistrate Judge Freeman found that Gosain does not have standing to raise his claims.

1

Gosain filed a timely objection to the Report on February 19, 2019. (See "Objection," Dkt. No. 96.)

For the reasons stated below, the Court adopts the analyses of the Report in their entirety, and finds that the Court lacks subject matter jurisdiction in this action.

## I. **BACKGROUND**

In light of the case's long history before the Court, the Court assumes familiarity with the extensive factual and procedural developments and addresses the relevant background only briefly.

Gosain is an aggrieved majority shareholder of the now-defunct Techinvest India Private Ltd. ("Techinvest"). According to Gosain, Techinvest went into liquidation in the early 2000s and its assets were sold to Texplas at a rigged auction. Gosain originally sued Texplas in this Court, but the Court dismissed the action on forum non conveniens grounds in 2011. (See Dkt. No. 48.) After obtaining a judgment against Texplas in India, Gosain returned to this Court in 2016. (See "Amended Complaint," Dkt. No. 62; "India Judgment," Dkt. No. 93-3.) Specifically, Gosain brings counts for fraud, unjust enrichment, and declaratory judgment "compelling . . . Texplas to immediately surrender and turn over the physical possession of" Techinvest's assets in accordance with the India Judgment. (Amended Complaint ¶ 19.) Texplas never

2

answered or responded to the Amended Complaint, and Gosain obtained a default judgment against Texplas. (See Dkt. No. 82.) The Court referred the matter to Magistrate Judge Freeman for an inquest. (See Dkt. No. 83.) Gosain submitted proposed findings of fact and expert opions regarding Indian law pursuant to an Order of Magistrate Judge Freeman in November 2017. (See Dkt. No. 93.) Then, on February 4, 2019, Magistrate Judge Freeman issued her Report.

A.  THE REPORT

Magistrate Judge Freeman concluded that the Court lacked subject matter jurisdiction over the suit because Gosain does not have standing to bring individual claims for injuries to Techinvest. In reaching her conclusion, Magistrate Judge Freeman first identified four reasons to apply New York law to Gosain's claims.

First, she found that she could not rely on Gosain's submissions about the applicability of Indian law because the primary source materials referenced in the expert's opinion were not provided to her. (See Report at 12.)

Second, Magistrate Judge Freeman found the expert opinion substantively "misplaced" because "it only discusses remedies available on breach-of-contract claims," which are irrelevant to Gosain's claims. (Id. at 12-13.)

Third, Magistrate Judge Freeman found that Gosain did not show that "Indian law differs from New York law in any respect" because the causes of actions and remedies described "appear entirely consistent with New York law." (Id. at 13.)

Fourth, Magistrate Judge Freeman noted that India, like New York, is a common-law jurisdiction. (Id.) For these reasons, Magistrate Judge Freeman assumed that "Indian law is the same as New York law" and applied New York law. (Id.)

Applying New York law, Magistrate Judge Freeman determined that Gosain does not have standing to pursue his claims. She explained that under New York law "a stockholder has no individual cause of action against a person or entity that has injured the corporation." (Id. at 14 (quoting Serino v. Lipper, 994 N.Y.S.2d 64 (App. Div. 1st Dep't 2014).) Reviewing the Amended Complaint, Magistrate Judge Freeman found that Gosain alleges that Texplas "caused an injury to Techinvest" but that does not constitute a "distinct, individualized injury" to Gosain, even as majority shareholder. (Id. at 16.)

For similar reasons, Magistrate Judge Freeman found that Gosain does not have standing to bring a declaratory action using the India Judgment. (Id. at 18-20.) She also noted that this alleged "cause of action" may have been the wrong vehicle for the relief he seeks, because a declaratory judgment

4

permits only "a declaration of rights" and is "not a form of injunctive relief." (Id. at 18 (internal quotation marks omitted).)

In recommending dismissal for lack of standing, Magistrate Judge Freeman recognized that no party had raised standing issues previously, but noted that a court must ensure "that it has subject matter jurisdiction over a case." (Id. at 15.)

Gosain now objects to the Report and moves to set it aside. (See Objection.)

## II. **STANDARD OF REVIEW**

A district court evaluating a magistrate judge's report may adopt those portions of the report to which no "specific written objection" is made, as long as the factual and legal bases supporting the findings and conclusions set forth in those sections are not clearly erroneous or contrary to law. Fed. R. Civ. P. 72(b); see also Thomas v. Arn, 474 U.S. 140, 149 (1985). However, "[w]hen a timely and specific objection has been made, the court is obligated to review the contested issues de novo." Fischer v. Forrest, 286 F. Supp. 3d 590, 600-01 (S.D.N.Y. 2018) (citing Fed. R. Civ. P. 72(b) and Hynes v. Squillace, 143 F.3d 653, 656 (2d Cir. 1998)). A district court is not required to review any portion of a magistrate judge's report that is not the subject of an objection. See

5

Thomas, 474 U.S. at 149. Because the dismissal of a complaint for lack of standing is a final determination of a party's claims, a district court's review of such a determination should be evaluated under the de novo standard applicable to dispositive matters under Federal Rule of Civil Procedure 72(b), as opposed to the clearly erroneous or contrary to law standard applicable to a magistrate judge's ruling as to non-dispositive matters under Federal Rule of Civil Procedure Rule 72(a). A district judge may accept, set aside, or modify, in whole or in part, the findings and recommendations of the magistrate judge. See Fed. R. Civ. P. 72(b).

### III. **DISCUSSION**

Gosain challenges the Report both procedurally and substantively. Procedurally, Gosain argues that Magistrate Judge Freeman erred by not providing Gosain an opportunity to address either the applicability of Indian law or his standing to bring these claims. (Opposition at 2-4, 5-7.) Gosain seeks a remand to Magistrate Judge Freeman so that she may consider additional submissions. Substantively, Gosain argues that he has standing to bring his claims. (Id. at 4-7.)

A. OPPORTUNITY TO BE HEARD

The procedural defects raised by Gosain do not warrant a remand to Magistrate Judge Freeman. Of course, as Gosain argues, it is preferable that a court provide a plaintiff

6

notice and opportunity to be heard before dismissing a complaint *sua sponte*. See McGinty v. New York, 251 F.3d 84, 90 (2d Cir. 2001). Magistrate Judge Freeman did not do so here. But this defect does not necessitate a remand. In McGinty, the United States Court of Appeals for the Second Circuit did not remand after identifying the district court's failure to provide notice before dismissal, but rather affirmed the judgement below after addressing the parties' arguments on the merits. See id. at 101. And in other instances, when it is "unmistakably clear" that the court lacks subject matter jurisdiction, the court can dismiss a complaint *sua sponte*. In re Indu Craft, Inc., 630 F. App'x 27, 29 (2d Cir. 2015) (quoting Mojias v. Johnson, 351 F.3d 606, 610-11 (2d Cir. 2003)).

Here, Gosain's ability to object to the Report cures any possible prejudice he could suffer, because the Report does not constitute an order of dismissal. See Osipova v. J & J Holding Co., No. 06 Civ. 3468, 2007 WL 2220479, at *1 n.1 (S.D.N.Y. Aug. 1, 2007) (noting that a magistrate judge's report and recommendation "afforded [p]laintiff both notice of the potential dismissal of her [c]omplaint, and an opportunity to oppose the recommended dismissal," satisfying the notice and hearing requirement for *sua sponte* dismissal). Because this Court considers Gosain's standing arguments on

the merits in this Order, the Court finds that it is unnecessary to remand to Magistrate Judge Freeman to provide an opportunity for Gosain to be heard on the standing issue.

Further, the Court will not remand to provide Gosain the opportunity to cure his failure to submit the relevant primary source materials or otherwise justify the applicability of Indian law. Unlike the unique situation involving the *sua sponte* dismissal of a complaint based on jurisdictional grounds, courts are not obligated to request additional materials from parties who fail to support adequately their motions on the merits. Indeed, Gosain cites no case in support of his contention that Magistrate Judge Freeman erroneously "made her decision without providing [Gosain] [the opportunity] to cure any alleged deficiencies in his submission." (Objection at 6.) Gosain's inability to anticipate that Magistrate Judge Freeman "would engage in a conflict of law analysis" (id.) -- despite Gosain describing and seeking application of Indian law -- did not obligate Magistrate Judge Freeman to provide Gosain a second opportunity to explain Indian law.

Further, Gosain fails to respond to Magistrate Judge Freeman's finding that the expert opinion did not address the relevant remedies for Gosain's claims and that those remedies do not differ from common remedies found in New York. Thus,

Gosain has still not demonstrated how Indian law differs from New York law in any relevant and material way, and does not show that he would be prejudiced absent a remand.

B.  STANDING

Turning to Gosain's substantive argument, the party invoking the federal court's subject matter jurisdiction bears the burden of demonstrating that such jurisdiction exists. See Raymond Loubier Irrevocable Tr. v. Loubier, 858 F.3d 719, 725 (2d Cir. 2017). Here, the Court finds that Gosain has not met that burden, insofar as he has not shown that he has standing in this case. Thus, the Court must dismiss the action for lack of subject matter jurisdiction.

Subject matter jurisdiction is a threshold issue, and courts must evaluate their jurisdiction over every claim. See United Republic Ins. Co., v. Chase Manhattan Bank, 315 F.3d 168, 170-71 (2d Cir. 2003). "When a requirement goes to subject-matter jurisdiction, courts are obligated to consider *sua sponte* issues that the parties have disclaimed or have not presented." Gonzalez v. Thaler, 565 U.S. 134, 141 (2012). Standing is an essential component of subject matter jurisdiction. See Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992).

Gosain claims that, under New York Law, he may stand in the shoes of Techinvest because "once a corporation has been

dissolved, a shareholder has standing to bring an action by standing in the shoes of the corporation." (Objection at 4 (citing Metzger v. Goldstein, 33 N.Y.S.3d 81, 83 (App. Div. 2d Dep't 2016).) But Metzger involves the law of dissolution of partnerships, not corporations, and holds that "dissolution terminates a partner's authority to act for the partnership except to the extent necessary to wind up partnership affairs." Metzger, 33 N.Y.S.3d at 83 (internal quotation marks omitted). For corporations, there are analogous rules that permit certain post-dissolution actions. See, e.g., Indep. Inv'r Protective League v. Time, Inc., 50 N.Y.2d 259, 263 (1980) (citing sections 626 and 1006 of the New York Business Corporation Law). Critically, however, such post-dissolution rules contain no exceptions applicable to the circumstances present here. Magistrate Judge Freeman specifically examined cases involving dissolved corporate entities and explained that even in those circumstances, shareholders may not bring suits on behalf of the corporation to redress individual injuries to shareholders. (See Report at 17 (citing Wyatt v. FCC, No. 15 Civ. 1935, 2016 WL 4919958 (S.D.N.Y. Sept. 14, 2016) (dismissing suit by plaintiff shareholder for lack of standing)).)

Ultimately, Gosain misconstrues what it means to "stand in the shoes" of a corporation, dissolved or otherwise. It

requires him to bring a derivative suit on behalf of Techinvest for the corporation to seek remedies for injuries to it. A derivative suit comes with its own requirements. For example, Gosain must explain "with particularity the efforts of the plaintiff to secure the initiation of such action by the board or the reasons for not making such effort." Wyatt, 2016 WL 4919958 at *3 (internal quotation marks omitted). But "standing in the shoes" of Techinvest does not permit him individually, employing the derivative suit procedure and remedy, to sue third parties that injured Techinvest. Gosain's claims are not pleaded derivatively, and he cannot amend his pleadings through briefing papers to encompass such claims on behalf of Techinvest. See, e.g., Avillan v. Donahoe, 483 F. App'x 637, 639 (2d Cir. 2012).

Gosain further contends that he has "standing to bring this action on his own behalf." (Objection at 4.) Gosain argues that (1) Indian law does not authorize derivative suits and (2) the India Judgment vindicated his individual rights, not Techinvest's. Gosain concludes that he has standing to "enforce the Indian [J]udgment in his favor." (Id. at 5.)

Despite Magistrate Judge Freeman's directions on how to support arguments based on foreign law, Gosain provides no expert affidavit to support his claim that Indian law categorically prohibits derivative suits. Rather, he cites

11

(without specificity) a chapter from a textbook from 2012 which indicates that Indian courts allowed at least three shareholder suits to proceed in the preceding sixty years. (See Dkt. No. 96-1 at 11.) The textbook further states that derivative actions are "unattractive and very difficult" but not, as Gosain submits, prohibited. (Id.) Thus, the Court is not persuaded by Gosain's contention that the India Judgment necessarily addressed Gosain's (rather than Techinvest's) rights because Indian law prohibits derivative suits.

Next, Gosain submits with his Objection over 230 pages of rulings from various Indian courts to show that he litigated the claims in an individual capacity, and not derivatively. (See id. at 29-257.) However, Gosain provides no guidance on how the Court should assess these 230 pages to determine if the India Judgment can be enforced by Techinvest or Gosain. Thus, the Court follows the lead of Magistrate Judge Freeman, who was limited in her review to the India Judgment itself. She concluded that the ten-page India Judgment "was apparently entered in favor of Techinvest" and not Gosain. (Report at 19.) Based on this Court's independent and de novo review of the India Judgment, the Court concludes Magistrate Judge Freeman's analysis was correct and adopts that decision as its own ruling on this issue. As Magistrate Judge Freeman described, the appellant was "Tech Invest India

12

(Pvt.) Ltd Through Major Shareholder Rajiv Gosain." (Indian Judgment at 10.) The India Judgment consistently describes actions that the "appellant-company" (Techinvest) took during the litigation, seemingly recognizing it as a separate entity from Gosain. (Id. at 4.) The Court agrees that these features indicate that the India Judgment is a judgment for Techinvest, and any claim for declaratory or injunctive relief pertaining to the India Judgment must be brought by Techinvest directly or derivatively by a shareholder on the corporation's behalf for it to recover for corporate injuries.

C.  LEAVE TO AMEND

In a single sentence, Gosain requests that the Court afford him the opportunity to amend his pleadings to name Techinvest as a plaintiff under Rule 15(a)(2) of the Federal Rules of Civil Procedure, which provides that courts should "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Such a cursory request to name a new party does not justify additional pleadings in a case as old as this one. This action has been thoroughly litigated in courts in the United States an India for more than ten years to date. The overwhelming bulk of the action entails events that occurred in India, were brought to judgment there and involve a corporation defunct for almost twenty years. Gosain's request to amend the Amended Complaint by adding

13

Techinvest as a plaintiff is no simple modification of the pleadings. In fact, it would essentially amount to restarting the litigation from scratch with a derivative claim brought in federal court in New York to redress an injury to a nonexistent Indian corporation relating to events that occurred in India twenty years ago.

Thus, the first issue that such a claim would raise would be the same that the Court addressed and decided in connection with Gosain's original action: that this Court is not the convenient forum to adjudicate this dispute. An amendment of the Amended Complaint, therefore, would open the prospect of another unproductive cycle of litigation here that the Court is likely to rule should be resolved in India under Indian Law. To that extent, the Court concludes that further amendment of the Amended Complaint would be futile.

## IV. ORDER

For the reasons discussed above, it is hereby

**ORDERED** that, upon de novo review, substantially for the reasons stated in the Report and Recommendation of Magistrate Judge Debra C. Freeman dated February 4, 2019 (Dkt. No. 95) (the "Report") the Court finds that it lacks subject matter jurisdiction to adjudicate this action; and it is further

**ORDERED** that the objection of plaintiff Rajiv Shah Gosain ("Gosain") (Dkt. No. 96) challenging the Report is **DENIED**; and it is further

**ORDERED** that the default judgment against defendant Texpals India Private Ltd. (Dkt. No. 82) is hereby **VACATED**; and it is finally

**ORDERED** that Gosain's Amended Complaint (Dkt. No. 62) is **DISMISSED** with prejudice.

**SO ORDERED.**

Dated: New York, New York
18 July 2019

Victor Marrero
U.S.D.J.